IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
Southern Division

9400 Isaac Building 2, Inc.,

    Plaintiff,

v.

Cat5 Contracting, Inc.,

**SERVE**: HL Statutory Agent, Inc.,
    Registered Agent
    5811 Pelican Bay Blvd., Suite 650
    Naples, FL 34108

    Defendant.

Case No.: _____

## COMPLAINT

COMES NOW the Plaintiff 9400 Isaac Building 2, Inc., by counsel, who hereby submits this Complaint against Defendant Cat5 Contracting, Inc., and state in support thereof as follows:

### PARTIES

1. Plaintiff 9400 Isaac Building 2, Inc. ("Plaintiff" or "9400 Isaac") is a Maryland corporation with its principal office at 9400 Livingston Road, Suite 470, Fort Washington, Maryland 20744.

2. Defendant Cat5 Contracting, Inc. ("Defendant" or "CAT5") is a Florida corporation with its principal office at 4061 Bonita Beach Rd, Bonita Springs, Florida 34134.

### JURISDICTION

3. This Court has personal jurisdiction over Defendant as it transacted business in the state of Maryland.

4. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is a Maryland a corporation with its principal place of business in Maryland and Defendant is a corporation with

1

its principal place of business in Florida. The controversy at issue concerns an amount greater than $75,000.

## STATEMENT OF FACTS

5. Beginning on or about June 29, 20211, Plaintiff has been the title owner of the real property located at 9400 Livingston Road, Fort Washington, Maryland (the "Property").

6. The Property houses a commercial office building containing 98,245 square feet of land and 63,344 square feet of building area.

7. Sometime in July of 2020, the building on the Property was damaged by a rainstorm. Shortly thereafter, an individual named Eun S. Lee ("Mr. Lee"), as an agent of 9400 Isaac, made a claim against the insurer, State Farm.

8. Upon Plaintiff's claim, State Farm initially approved approximately $ 1.0 million in coverage to repair the said damage.

9. Upon Mr. Lee's inquiry as to approved contractors to perform the work, State Farm recommended Defendant as a contractor to repair the Property.

10. On July 21, 2020, Hyosug Lee ("Mrs. Lee"), on behalf of Plaintiff,[1] and Cat Contracting, Inc.[2] entered into a contractor agreement (the "Contract") under which Defendant agreed to make the said repairs. A copy of the Contract is attached hereto as Exhibit A.

11. From the date of the Contract until May 15, 2021, Plaintiff forwarded to Defendant funds in the amount of $497,826.30, arising from the insurance proceeds.

---

[1] Mr. Lee and Mrs. Lee are husband and wife. Mrs. Lee signed the Contract as a director of the corporate Plaintiff.
[2] Upon information and belief, there is no active corporation called Cat Contracting, Inc. at the time which the Contract was ratified. Cat 5 Contracting, Inc., however, maintained active status in the state of Florida.

12. Since the date of the Contract, Defendant placed a temporary covering on the roof of the Property. Besides that, Defendant has failed to make any substantive repairs to date.

13. As a result of Defendant's failure to make any repairs, the Property continued to flood. Therefore, Plaintiff has had to continuously discount rents to avoid its tenants from terminating their leases. To date, the loss suffered is approximated at $80,000 in value.

14. Prior to entering the Contract, as well as in writing within the Contract, Defendant made an affirmative representation that it is licensed to do business in Maryland and that it has all "necessary licenses and permits" to perform the work. Exh. A at 4, ¶ 16.

15. At the time of the Contract, Defendant was not licensed to do business in the state of Maryland. In fact, Defendant formed a new entity named Maryland Cat5 Contracting Inc. on August 3, 2020, thirteen (13) days <u>after</u> the Contract was ratified.

16. Further, Defendant did not obtain its Maryland contractor license until May 6, 2021, approximately ten (10) months <u>after</u> the date of the Contract. A copy of the said contractor license is attached hereto as <u>Exhibit B</u>.

17. In other words, Defendant misrepresented its status as a Maryland business and Maryland-licensed contractor to induce Plaintiff to enter into the Contract. Notably, the said misrepresentation was memorialized in the Contract. Exh. A at ¶ 16 ("Contractor represents [. . .] that is has all required licenses and permits necessary in connection with performance by Contractor hereunder[.]").

18. Plaintiff reasonably relied on the said misrepresentation when entering into the Contract. Indeed, it had no reason to enter a contract with an entity that (i) was not licensed to do business in Maryland and (ii) did not have a Maryland contractor's license. Md. Code Bus. Reg. § 17-602(a)

("Except as provided in 8-317 of this article, a person must have a construction license whenever the person does construction business in State.")

19. Pursuant to its reliance and per the terms of the fraudulently induced contract, Plaintiff made an initial payment in the amount $497,826.30, which has been held by the Defendant without doing any actual work.

20. Plaintiff did not discover the truth until after it began making inquiries to ascertain the reasons for significant delay, which stretched well into 2022. In the meantime, no work was done on the premises and leaking actually occurred in the building, which negatively impacted the commercial tenants located there (and caused the landlord to reduce rents).

21. On March 16, 2022, Defendant retained counsel and sent a letter to Mr. Lee demanding the payment of the purported balance due in the amount of $550,573.92 despite not performing any substantive repair. A copy of the said letter is attached hereto as Exhibit C.

22. At present, Defendant is still attempting to collect over $1.0 million in payment despite (i) having misrepresented its status in 2020 and (ii) having done no actual work.

23. Plaintiff seeks to void the Contract, reclaim any funds advanced to Defendant and recover any damages suffered from the misrepresentation. It has not taken any action to ratify Defendant's fraudulent conduct.

## Count I – Fraud in the Inducement

24. Plaintiff repeats and re-alleges the foregoing paragraphs by reference as if fully set forth herein.

25. In entering into the Contract, Defendant materially misrepresented its status as Maryland business and Maryland licensed contractor.

26. Plaintiff reasonably relied upon Defendant's deliberate misrepresentation when entering into the Contract. Without that representation, Plaintiff would not have entered the contract.

27. Defendant made the material misrepresentation with knowledge of falsity and the intent to induce Plaintiff into entering into the Contract.

28. As a result of Defendant's material misrepresentation, Plaintiff incurred the damages of $497,826.30 reflecting the payment already made to Defendant and $80,000 reflecting the amount of discounts she had to provided to the tenants at the Property.

29. The Contract is void *ab initio* and subject to rescission as a result of the fraud.

## Count II – Unjust Enrichment

30. Plaintiff repeats and re-alleges the foregoing paragraphs by reference as if fully set forth herein.

31. Plaintiff made the payment in the amount $497,826.30 to Defendant for the work described in the Contract. As described herein, the Contract is void *ab initio* due to Defendant's affirmative misrepresentations.

32. From the date of the Contract to present, Defendant held the said funds without doing any actual work.

33. Under the circumstances, it is inequitable for Defendant to retain the said funds.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Rescission of the Contract for the reasons stated herein;

B. Judgment in favor of Plaintiff and against Defendant in the amount of $497,826.30, reflecting the funds which Plaintiff already paid to Defendant;

C. Judgment in favor of Plaintiff and against Defendant in the amount of $80,000, reflecting the damages Plaintiff incurred as a result of Defendant's fraud;

D. Plaintiff's reasonable attorneys' fees and costs, and prejudgment interest; and

E. Such other relief as this Court deems just and equitable.

Dated: April 1, 2022.                             Respectfully Submitted,

9400 Isaac Building 2, Inc.

 /s/ J. Chapman Petersen_____
J. Chapman Petersen, Esq., MD Bar #0101110007
Ibnul A. Khan, Esq., MD Bar #200319008
Chap Petersen & Associates, PLC
3970 Chain Bridge Road
Fairfax, Virginia 22030
(571) 459-2521 (telephone)
(571) 459-2307 (facsimile)
jcp@petersenfirm.com
ik@petersenfirm.com
*Counsel for Plaintiff*